IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BETTINA HORTON,

           Plaintiff,

v.

OFFICER JESUS MALDONADO,
individually and in his official
capacity,

SERGEANT W. FURMAN,
individually and in his official
capacity,

LIEUTENANT OLIVER
FLADRICH, individually and in his
official capacity,

DEPUTY CHIEF DAVID SIDES,
individually and in his official
capacity,

CHIEF BILLY GROGAN,
individually and in his official
capacity,

DUNWOODY POLICE
DEPARTMENT, and

CITY OF DUNWOODY,

           Defendants.

1:14-cv-0476-WSD

**OPINION AND ORDER**

This matter is before the Court on collective Defendants Officer Jesus

Maldonado ("Maldonado"), Sergeant W. Furman ("Furman"), Lieutenant Oliver

Fladrich ("Fladrich"), Deputy Chief David Sides ("Sides"), Chief Billy Grogan ("Grogan"), the Dunwoody Police Department, and the City of Dunwoody's Motion to Dismiss ("Motion" [4]).

## I.  BACKGROUND

### A.  Plaintiff's allegations

This action is brought under 42 U.S.C. §§ 1983, 1988 and arises out of a traffic stop. Plaintiff alleges that Defendants violated her rights under the United States Constitution and Paragraph XIII of the Georgia Constitution.

Plaintiff alleges that, on January 16, 2014, she backed her car out of a parking space inside of the garage where she lived. Officer Maldonado, who was parked in his police vehicle across the street, observed Plaintiff pull out of her apartment complex. Plaintiff alleges he followed her for approximately two or three miles. (Compl. at ¶ 3-5). Maldonado pulled Plaintiff over and told her that he stopped her because she was "hovering on Ashford Dunwoody."[1] (Id. at ¶ 6). Plaintiff claims that Maldonado told her that several car break-ins had occurred in the apartment complex where Plaintiff lived. He then questioned her about the car she was driving, including whether the car belonged to her or a friend. At Maldonado's request, Plaintiff gave him her vehicle registration. Plaintiff claims

---

[1]  Ashford Dunwoody Road is a street in Atlanta, Georgia. It is unclear what "hovering" means.

2

that he "called in" a vehicle other than the one she was driving.  Plaintiff contends that she told Maldonado she worked at the building where she had been pulled over, but that he questioned whether she actually worked at the location and accused her of lying.  She also alleges that Maldonado falsely accused her of being a suspect in two disorderly conduct cases.  (Id. ¶¶ 7-11).  Plaintiff also asserts that Maldonado was "unprofessional" and "rude" during the stop.  Plaintiff claims that "Maldonado unlawfully racially profiled [her]" and initiated the traffic stop.  (Id. at ¶ 14).

Plaintiff filed a grievance about Maldonado's conduct.  She alleges Defendant Furman sought to discredit her grievance by claiming Plaintiff made disparaging remarks about Maldonado by calling him a "short mexi."  (Compl. at ¶ 15).  Plaintiff also alleges Furman's investigative report contained intentionally misleading statements in order to discredit and defame her.  Plaintiff also claims Furman falsely reported that Plaintiff was stopped for failure to maintain her lane.

Plaintiff alleges Defendant Fladrich "never watched the video of Plaintiff being pulled over and referred to her as 'gal.'"  (Compl. at ¶ 19).  Plaintiff contends that Grogan and Sides "claimed that Officer Maldonado's stop was lawful despite all evidence to the contrary."  (Id. at ¶ 20).  Plaintiff alleges all of the Defendants acted under color of state law.  (Id. at ¶ 21).

B.  The claims

Plaintiff, proceeding *pro se*, filed her Complaint ("Complaint" [4]) on February 19, 2014.  In it, she seeks to recover $2,500,000 in compensatory damages, as well as unspecified damages for emotional distress and "violations of her Constitutional rights under federal and Georgia law," and "an award for all damages recognized by law and recoverable for violations of her rights."  (Id. at ¶ 39).

Plaintiff seeks damages from Maldonado in his official and individual capacity on the grounds that he "stopp[ed] and detain[ed] her without probable cause in violation of Plaintiff's Federal 4th Amendment rights . . . [and] Paragraph XIII of the Georgia Constitution."  (Id. at ¶¶ 23, 25).  She seeks further damages on the grounds that the stop was "based on race," which "[violated] U.S. Federal law . . . [and] Georgia law."  (Id. at ¶¶ 27, 29).  She "claims damages from the negligent actions of Officer Maldonado when he called in the number of a different car while he had Plaintiff pulled over . . . in contradiction to best practices and put plaintiff in a dangerous situation."  (Id. at ¶ 33).

Plaintiff also seeks damages from Furman, Fladrich, Sides, and Grogan in their individual and official capacities for negligently failing to properly investigate Plaintiff's claim of racial profiling.  (Compl. at ¶ 35).  Plaintiff claims

4

damages for emotional distress she purportedly suffered arising out of their "outrageous conduct." (Id. at ¶ 31). She seeks damages from the Dunwoody Police Department and City of Dunwoody for failing to "properly train and monitor its agents." (Id. at ¶¶ 37, 39).

On February 21, 2014, Plaintiff sent to Maldonado, Furman, Fladrich, Sides, and Grogan (collectively, "Officer Defendants"), the Dunwoody Police Department, and the City of Dunwoody, certified copies of the Complaint and Summons by certified mail. (Return of Service [2]).

    C.    <u>Motion to Dismiss</u>

On March 12, 2014, Defendants moved to dismiss the Complaint on the ground that Plaintiff failed to perfect service on Defendants. They argue that "plaintiff's attempt to serve the defendants by certified mail does not meet the requirements of Rule 4 to provide this court with personal jurisdiction." (Mot. at 5). They argue that Plaintiff's service of the Officer Defendants at the Dunwoody Police Department was insufficient where "the service of process statute requires that the server leave it at the defendant's dwelling." (Id. at 5-6). Defendants also move to dismiss the Complaint on the ground that Plaintiff cannot assert individual capacity claims against Furman, Fladrich, Sides, and Grogan because these defendants have qualified immunity. (Id. at 7). Maldonado, in a

footnote, states that he "raises and does not waive his entitlement to dismissal on the grounds of qualified immunity and the plaintiff's failure to state a claim against him in his individual capacity." (Mot. at 7 n.1). He states that he reserves his right to assert these and other defenses in his answer following proper service of process. (Id.). Defendants next argue that the Court must dismiss Plaintiff's state law claims against the City of Dunwoody because Plaintiff failed to file the requisite ante litem notice. (Id. at 9). Finally, Defendants argue that the Court must dismiss Plaintiff's claims against the Dunwoody Police Department because police departments are not an entity against which this action may be filed. (Id. at 10).

     Plaintiff "concede[s] to Defendant's assertion that she failed to provide proper service to the Defendants in this matter." (Resp. to Def.'s Mot. "Response" [6.1] at 2). Plaintiff argues, however, that Defendants have not shown that they cannot "defend against this action" and that she "made a good faith attempt to provide Defendants with service in a manner she thought was proper . . . [by sending] the notice to the only address that was available to her at that time." (Id.). She requests that the Court "grant a 'certain amount of leniency' and either quash the service issue before the court; or in the alternative, to allow her to serve the Defendants to conform with Rule 4." (Id. at 3).

Plaintiff next argues that the Officer Defendants are not protected by qualified immunity due to their "failure to prepare reports that accurately reflect the facts." (Resp. at 4). Plaintiff concedes that she did not provide an ante litem notice, but states that she "has not alleged any violation of state law," and requests that the Court allow her "the opportunity to rectify the oversight and serve notice to Defendant, City of Dunwoody." (Id. at 5). Plaintiff states that she has "provided enough facts that state a claim [sic] which a [sic] relief can be granted," and argues that the Complaint should not be dismissed for failure to state a claim. (Id.).

## II.   DISCUSSION

### A.   Motion to Dismiss for Insufficient Service of Process

#### 1.   Legal Standard

Rule 4 of the Federal Rules of Civil Procedure sets out the requirements for process and service of process. Rule 4(e) governs service on individual defendants, including state and city employees sued in their individual capacities. Rule 4(e) provides that an individual may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>     (A) delivering a copy of the summons and of the complaint to the individual personally;

>>(B)  leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>(C)  delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).  Georgia law requires service to be made upon the defendant personally, or by leaving copies of the summons and complaint at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion who resides at the residence, or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.  O.C.G.A. § 9-11-4(e)(7).

Suits against municipal officers in their *official* capacity are, in actuality, suits directly against the city that the officer represents.  See Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991).  Officers sued in their official capacities must, under Federal Rule of Civil Procedure 4(j)(2), be served in the same manner as cities.  Rule (4)(j)(2) provides that a state, municipal corporation, or any other state-created governmental organization must be served by delivering a copy of the summons and of the complaint to its chief executive officer; or by serving a copy of each in the manner prescribed by that state's law. [2]

---

[2]  It is well-settled that Congress "intend[ed] municipalities and other local government units to be included among those persons to whom § 1983 applies," and they are therefore "subject to suit" under Rule(4)(j)(2).  Dean v. Barber, 951

Fed. R. Civ. P. (4)(j)(2)(A), (B).[3]

A plaintiff must also serve defendants in accordance with the time requirements of Rule (4)(m):

> If a defendant is not served within *120 days* after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. (4)(m) (emphasis added); see also Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007) (quoting Fed. R. Civ. P. 4(m)).  Good cause exists "only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service."  Id. (quoting Prisco v. Frank, 929 F.2d 603, 604 (11th Cir. 1991)).  When a defendant challenges service of process, "the serving party bears the burden of proving its validity or good cause for failure to effect timely service."  Sys. Signs Supplies v. U.S. Dep't of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990).

Even absent good cause, a district court has the discretion to extend the time for service of process.  Lepone-Dempsey, 476 F.3d. at 1282 (quoting Horenkamp

---

F.2d 1210, 1214 (11th Cir. 1992) (quoting Monell v. Department of Social Services, 436 U.S. 658, 690 (1978)).

[3]   Under Georgia law, plaintiffs must serve a city or town by delivering a copy of the summons and complaint to the mayor or city manager, or to an agent authorized to receive service of process.  O.G.C.A. § 9-11-4(e)(5).

v. Van Winkle & Co., 402 F.3d 1129, 1132-1133 (11th Cir. 2005)).  The Advisory Note to Rule 4(m) provides factors to consider in deciding whether to grant an extension of time when good cause has not been shown.  Horenkamp, 402 F.3d at 1132-1133.  "Relief may be justified, for example, if the applicable statute of limitations would bar the re-filed action, or if the defendant is evading service or conceals a defect in attempted service."  Lepone-Dempsey, 476 F.3d at 1282 (quoting Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments).

A plaintiff is responsible for timely serving process on the defendant. Anderson v. Osh Kosh B'Gosh, 255 F. App'x 345, 347 (11th Cir. 2006) ("A plaintiff is responsible for serving the defendant with both a summons and the complaint within the time permitted under Rule 4(m).").  "Service of process that is not in 'substantial compliance' with the requirements of the Federal Rules is ineffective to confer personal jurisdiction over the defendant, even when a defendant has actual notice of the filing of the suit."  Abele v. City of Brooksville, Fla., 273 F. App'x 809, 811 (11th Cir. 2008) (citing Prewitt Enters., Inc. v. Org. of Petroleum Exp. Countries, 353 F.3d 916, 925 (11th Cir. 2003)).  A litigant's *pro se* status does "not excuse mistakes he makes regarding procedural rules."  Nelson v. Barden, 145 F. App'x 303, 311 (11th Cir. 2005) (citing McNeil v. United States, 508 U.S. 106, 113 (1993)) (explaining that the Court "never suggested that

procedural rules in ordinary civil litigation shall be interpreted so as to excuse mistakes by those who proceed without counsel," because "experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.").

### 2. Analysis

The Officer Defendants and the City of Dunwoody argue that Plaintiff's Complaint must be dismissed because Plaintiff has failed to comply with the rules governing proper service of process.[4] Because they were not properly served, Defendants argue that the Court does not have personal jurisdiction over them.

Here, Plaintiff acknowledges that the only service method she employed was service by mail. Rule 4 allows service by mail, permitting a plaintiff to bypass Rule 4(e)'s personal service requirements. Personal service is not required if, upon receipt of the summons and complaint in the mail, a defendant agrees, in writing, to waive personal service. Fed. R. Civ. P. 4(d)(4). Rule 4(d) sets specific requirements to request a waiver of personal service of process. Under 4(d), a plaintiff must send to a proper address for each defendant a copy of the summons

---

[4] The Officer Defendants argue that Plaintiff's service of process was insufficient because she served them at their "place of employment, when the service of process statute requires that the plaintiff leave it at the defendant's dwelling." ([3] at 5-6). This is not an accurate depiction of Rule 4(e)'s requirements. The Rules do not specify *where* a plaintiff may personally serve a Defendant, and personal service at a place of business is not itself improper.

11

and complaint, two copies of a waiver form, and pre-paid return envelope. Fed. R. Civ. P. 4(d)(1)(A-G). A plaintiff must also advise the defendant of the consequences of not waiving service. Id. Here, Plaintiff failed to abide by Rule 4(d)'s requirements, including by failing to provide two copies of a waiver form, and inform Defendants of the consequences of not waiving service.[5] Fed. R. Civ. P. (4)(d)(1)(C), (D). Here, even if Defendants received the waiver and advisement required by Rule 4(d), waiver of personal service must be made in writing. There is no evidence that any of the Officer Defendants waived personal service of process. Plaintiff admits personal service was not otherwise attempted. Plaintiff thus did not make service in accordance with any of the methods provided in Rule 4, and as a result, the Court does not have personal jurisdiction over the Officer Defendants in their individual capacity.[6]

The Court also does not have personal jurisdiction over the City of Dunwoody. Delivery of process by certified mail, addressed to the "City of

---

[5] A district court may impose the expenses incurred in making personal service and the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses if a defendant does not have cause for not waiving service after receiving a waiver of service form and advisement. Fed. R. Civ. P. (4)(d)(2)(A),(B).

[6] Furman, Fladrich, Sides, and Grogan also assert that the claims against them in their individual capacity should be dismissed because Plaintiff's claims are barred by qualified immunity. Having no personal jurisdiction over these defendants, the Court is unable to consider these arguments.

Dunwoody," to the Dunwoody City Hall is not proper service on this Defendant. By extension, the Court also does not have personal jurisdiction over the Officer Defendants in their official capacity, as Plaintiff's official capacity claims are, effectually, claims against the City of Dunwoody.  See Busby, 931 F.2d at 776 ("[S]uits against municipal officers are . . . in actuality, suits directly against the city that the officer represents."); see also Manning v. City of Atlanta, No. 105-CV-1300, 2007 WL 1630715 at *3-4 (N.D. Ga. June 1, 2007) (finding that plaintiff's claims against city police officers merged with his claims against the city because "[w]hen a city officer is sued under § 1983 in his or her official capacity, the suit is simply 'another way of pleading an action against an entity of which an officer is an agent.'") (quoting Kentucky v. Graham, 473 U.S. 159, 165 (1985)); see also Randall v. Crist, No. 5:03-CV-00220, 2005 WL 5979678, at *2 (N.D. Fla. Nov. 1, 2005) (finding that service on a state officer acting in his official capacity was governed by Rule 4(j)(2)); see also Green v. E. Baton Rouge Parish Sch. Sys., No. CIV.A. 13-166, 2013 WL 5592364, at *1 (M.D. La. Oct. 9, 2013) (county school board members sued in their official capacity required to be served under Rule 4(j)(2)).  Under Rule 4(j)(2), Plaintiff was required to make *personal* service on the City of Dunwoody and the Officer Defendants in their official capacity by delivering a copy of the Summons and Complaint to the mayor or city

manager of Dunwoody.[7]  Plaintiff failed to make service on them as required by Rule 4(j)(2).[8]

Plaintiff acknowledges that she failed to properly serve the Defendants.  She argues, however, that the Court should grant an extension of time to comply with the personal service requirements of Rule 4.  Plaintiff claims that she "made a good faith attempt to provide the Defendants with service in a manner that she thought was proper . . . [and] there was no attempt by Plaintiff to avoid properly serving the Defendants, or to hinder Defendants in their defense to the actions."  (Pl.'s Resp. [6.1] at 2).  Plaintiff further claims that she sent the notice to the only address that was available to her at that time.  (Id.).  That Plaintiff was unaware of the proper service procedures, however, is not sufficient to show good cause for failing to perfect service.  While courts are to give liberal construction to the pleadings of *pro se* litigants, this liberality does not excuse a failure to conform with procedural rules.  Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007); see also West v. Lewis Color Lithographers, No. 606-CV-064, 2007 WL 2071531, at *4 (S.D. Ga. July 16, 2007) (where *pro se* litigant failed to timely serve defendants, the

---

[7]  A plaintiff may not waive personal service under Rule 4(j)(2) and service of process through certified mail of a city defendant can never be sufficient.

[8]  Even if Plaintiff was required to serve the Officer Defendants in their official capacity under Rule 4(e), she would have still been required to effectuate personal service.

court held that "[t]he Court . . . cannot accept ignorance of the rules as "good cause . . ."").  There is no good cause to extend time for service.

The Court next considers whether it should exercise its discretion to grant an extension of time for Plaintiff to serve Defendants.  <u>Lepone-Dempsey</u>, 476 F.3d at 1282.  A discretionary extension of time is warranted in limited circumstances such as where the statute of limitations would bar a plaintiff from re-filing an action, or if the defendant is evading service.  <u>Id.</u>  (quoting <u>Horenkamp</u>, 402 F.3d at 1132-33).  These, of course, are not the only circumstances that might warrant an extension of time to serve.

Defendants filed their Motion to Dismiss for insufficient service of process approximately 21 days after learning that Plaintiff filed this lawsuit against them.  The Motion was filed prior to the expiration of the Rule 4(m) deadline.  Though Plaintiff still had 80 days to make service prior to the Rule 4(m) deadline, she requested the Court's permission to serve Defendants in compliance with Rule 4 in her response to the Defendants' motion.  (Pl.'s Resp. at 3).  Plaintiff's request suggests she believed the Court had to grant permission for her to make service properly.  Considering Plaintiff's *pro se* status, the Court chooses to exercise its discretion to grant a short, reasonable extension for Plaintiff to serve each of the Defendants within the requirements of Rule 4 of the Federal Rules of Civil

Procedure.

      B.    <u>Motion to Dismiss for Failure to State a Claim</u>

      1.    Legal Standard

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "assume that the factual allegations in the complaint are true and give the plaintiff the benefit of reasonable factual inferences." <u>Wooten v. Quicken Loans, Inc.</u>, 626 F.3d 1187, 1196 (11th Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678 (citing <u>Twombly</u>, 550 U.S. at 556). Dismissal of a complaint is appropriate "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." <u>Marshall County Bd. of Educ. v. Marshall County Gas Dist.</u>, 992 F.2d 1171, 1174 (11th Cir. 1993).

Complaints filed *pro se* are to be liberally construed and are "held to less stringent standards than formal pleadings drafted by lawyers." <u>Erickson v. Pardus</u>,

16

551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted). Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007).

    2.    Analysis

Here, the Court does not currently have personal jurisdiction over any of the Defendants. The Court notes that it will not have jurisdiction over the City of Dunwoody Police Department even if it is served by Plaintiff. The Department is not an entity subject to suit under Section 1983. Sheriff's departments and police departments are not usually considered legal entities that may be sued. Dean, 951 F.2d at 1214. It is well-established under Georgia law that a city police department may not be sued under Section 1983. See Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (holding that because "[the city police department] is an integral part of the city government and is merely the vehicle through which the City government fulfills its policing functions," plaintiff could not state a claim against the city police department because it was not a proper party defendant); see also Deloach v. Marietta Police Dep't, No. 1:09-CV-0650, 2009 WL 2486324, at *2 (N.D. Ga. Aug. 12, 2009) ("[T]he [Court] finds no basis for allowing Plaintiff to

sue the Marietta Police Department, which . . . shall be dismissed from this action); see also Harris v. Albany Police Dep't, No. 1:14-CV-67, 2014 WL 1773866, at *2 (M.D. Ga. May 2, 2014) ("the Albany Police Department is not a proper defendant to Plaintiff's Section 1983 claim and is therefore dismissed."). The Dunwoody Police Department is not a defendant against which a Section 1983 claim can be asserted and it is dismissed from this action.

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that the Defendants' Motion to Dismiss [4] for insufficient service of process is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff serve the City of Dunwoody and Officers Maldonado, Furman, Fladrich, Sides, and Grogan in their individual and official capacities on or before December 19, 2014.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Dunwoody Police Department are **DISMISSED WITH PREJUDICE** for failure to state a claim.

**SO ORDERED** this 21st day of November 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE