IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BETTINA HORTON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>OFFICER JESUS MALDONADO, individually and in his official capacity,<br><br>SERGEANT W. FURMAN, individually and in his official capacity,<br><br>LIEUTENANT OLIVER FLADRICH, individually and in his official capacity,<br><br>DEPUTY CHIEF DAVID SIDES, individually and in his official capacity,<br><br>CHIEF BILLY GROGAN, individually and in his official capacity,<br><br>DUNWOODY POLICE DEPARTMENT, and<br><br>CITY OF DUNWOODY,<br><br>　　　　　Defendants. | 1:14-cv-476-WSD |

## OPINION AND ORDER

This matter is before the Court on Defendants Officer Jesus Maldonado ("Maldonado"), Sergeant W. Furman ("Furman"), Lieutenant Oliver Fladrich

("Fladrich"), Deputy Chief David Sides ("Sides"), Chief Billy Grogan ("Grogan"), and the City of Dunwoody's (together, "Defendants") Motion to Dismiss [12] Plaintiff Bettina Horton's ("Plaintiff") Complaint [1].

## I.  BACKGROUND

This action is brought under 42 U.S.C. §§ 1983, 1988, and arises out of a traffic stop.  Plaintiff, proceeding *pro se*, filed her Complaint on February 19, 2014.  In it, she seeks to recover $2,500,000 in compensatory damages, as well as unspecified damages for emotional distress and "violations of her Constitutional rights under federal and Georgia law," and "an award for all damages recognized by law and recoverable for violations of her rights."  (Compl. ¶ 39).

On February 21, 2014, Plaintiff sent to Maldonado, Furman, Fladrich, Sides, Grogan, the Dunwoody Police Department, and the City of Dunwoody, copies of the Summons and Complaint by certified mail.  (Return of Service [2]).

On March 12, 2014, Defendants moved to dismiss [4] the Complaint on the ground that Plaintiff failed to perfect service on any of the Defendants.  On November 21, 2014, the Court entered an Order [9] denying Defendant's Motion to Dismiss for insufficient service of process, but granting Defendants' Motion to Dismiss against Dunwoody Police Department for failure to state a claim.  Because

2

Plaintiff failed to properly serve the remaining Defendants, the Court granted Plaintiff an extension of time to serve, ordering Plaintiff to "serve the City of Dunwoody and Officers Maldonado, Furman, Fladrich, Sides and Grogan in their individual and official capacities on or before December 19, 2014."

On March 30, 2015, Defendants moved to dismiss the Complaint on the ground that Plaintiff has failed to comply with the Court's Order, and has not served Defendants. Plaintiff has not responded to Defendants' Motion to Dismiss, and has failed to show that she has complied with the Court' Order. (Order [9] at 19).

## II.   DISCUSSION

A plaintiff must serve defendants in accordance with the time requirements of Rule (4)(m):

> If a defendant is not served within *120 days* after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. (4)(m) (emphasis added); see also Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007) (quoting Fed. R. Civ. P. 4(m)). Good cause exists "only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Id.

3

(quoting Prisco v. Frank, 929 F.2d 603, 604 (11th Cir. 1991)).  When a defendant challenges service of process, "the serving party bears the burden of proving its validity or good cause for failure to effect timely service."  Sys. Signs Supplies v. U.S. Dep't of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990) (citing Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc., 635 F.2d 434, 435 (5th Cir. Unit A Jan. 1981)).

A plaintiff is responsible for timely serving process on the defendant. Anderson v. Osh Kosh B'Gosh, 255 F. App'x 345, 347 (11th Cir. 2006) ("A plaintiff is responsible for serving the defendant with both a summons and the complaint within the time permitted under Rule 4(m).").  "Service of process that is not in 'substantial compliance' with the requirements of the Federal Rules is ineffective to confer personal jurisdiction over the defendant, even when a defendant has actual notice of the filing of the suit."  Abele v. City of Brooksville, 273 F. App'x 809, 811 (11th Cir. 2008) (citing Prewitt Enters., Inc. v. Org. of Petroleum Exp. Countries, 353 F.3d 916, 925 (11th Cir. 2003)).  A litigant's *pro se* status does "not excuse mistakes [s]he makes regarding procedural rules."  Nelson v. Barden, 145 F. App'x 303, 311 n.10 (11th Cir. 2005) (citing McNeil v. United States, 508 U.S. 106, 113 (1993)).

Plaintiff has failed to properly serve Defendants.  The Court ordered

Plaintiff to effectuate service on or before December 19, 2014.  This deadline has passed, and Plaintiff has not shown good cause for her failure to serve.  The Court, therefore, lacks jurisdiction over this lawsuit.  See Abele, 273 F. App'x at 811.  Plaintiff's failure to serve Defendants also warrants dismissal of her lawsuit because she failed to comply with the Court's order.  See LR 41.3(A)(2), NDGa. ("The court may, with or without notice to the parties, dismiss a civil action for want of prosecution if . . . [a] plaintiff . . . shall, after notice, . . . fail or refuse to obey a lawful order of the court.").[1]

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [12] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE**.

---

[1] That Plaintiff has filed nothing in this case for over one-and-a-half years warrants dismissal as well.  LR 41.3(A)(3), NDGa. (dismissal warranted where a "case has been pending in this court for more than six (6) months without any substantial proceedings of record").

5

**SO ORDERED** this 9th day of October, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE